UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TAMELA RUSSELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 5:23-cv-01149-HNJ |
| | ) | |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The case proceeds before the court on Defendants' Motion to Strike Amended
Complaint, and Dismiss Case or in the Alternative, for More Definite Statement. (Doc.
20). For the reasons stated herein, the court grants Defendants' motion in part.
Specifically, the court **STRIKES** the Amended Complaint and **ORDERS** Russell to
file a Second Amended Complaint in compliance with Federal Rules of Civil Procedure
8(a), 8(d)(1), 10(b), *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 570 (2007), and the court's instructions set out in the Conclusion
below.

**BACKGROUND**

On August 2, 2023, Plaintiff Tamela Russell filed suit in the Circuit Court of
Morgan County, Alabama. (Doc. 1-1). Defendants Deutsche Bank and SPS removed
the case to federal court. (Doc. 1). Shortly thereafter, Defendants filed a Motion for

1

More Definite Statement. (Doc. 2). This court deemed Plaintiff's Complaint a "shotgun" pleading because it (1) referred generically to "Defendant" or "Defendants" without specifying which defendant(s) allegedly bore responsibility for which allegations, (2) re-alleged and adopted all antecedent allegations by reference at the beginning of each count, and (3) omitted key facts detailing the Defendants' alleged wrongs. (Doc. 14 at 9-10). The court ordered Russell to file an Amended Complaint in accordance with Federal Rules of Civil Procedure 8(a), 8(d)(1), 9(b), 10(b), *Iqbal*, and *Twombly*. (*Id.* at 10). Relatedly, the court instructed Russell to "specify which claim pertains to which Defendant, set forth each claim separately, and detail the factual basis for each claim." (*Id.*).

On November 16, 2023, Russell filed her Amended Complaint. (Doc. 19). As averred previously, Russell alleges she bought property in Decatur, Alabama, and executed a mortgage with Chase Bank USA to finance the purchase. (*Id.* ¶ 5). The loan was later "transferred and sold" to Deutsche Bank and SPS. (*Id.* ¶ 10). Due to alleged conflicting representations in pertinent documents, Russell asserts the loan was initially transferred to Deutsche Bank and SPS, then "back to" Deutsche Bank alone. (*Id.* ¶ 11). Moreover, Russell claims SPS serviced the loan on behalf of Deutsche Bank "during the relevant time periods in this case." (*Id.* ¶ 10). Russell disputes the validity of the transfer(s). (*Id.* at ¶ 11, 18).

On April 1, 2023, Deutsche Bank and SPS reportedly initiated foreclosure proceedings on Russell's property "despite knowing that Russell[ ] claimed … she was

not in default and that the attempted foreclosure sale was wrongful and invalid." (*Id.* at ¶ 13, 16). Russell contends she did not default on her loan payments or, alternatively, Defendants' unlawful servicing practices caused the default. (*Id.* ¶ 19, 21). To this end, Russell alleges Defendants improperly applied payments, charged unauthorized fees and expenses, inflated the amounts Russell owed, refused to accept payments, and failed to provide proper notice in contravention of the terms of the Mortgage Agreement. (*Id.* ¶ 6, 12, 19, 22, 25, 26, 27, 28). In addition, Russell alleges she sent a letter disputing the debt to the foreclosing attorney pursuant to the Fair Debt Collection Practices Act, whereupon the Defendants "elected to proceed with the sale." (*Id.* ¶ 23). Moreover, Russell sent qualified written requests ("QWR"s) and notices of error to Defendants, but Defendants purportedly refused to acknowledge receipt of those requests or provide responses. (*Id.* ¶ 23, 28).

Defendants allegedly reported the foreclosure sale date to the national credit bureaus. (*Id.* ¶ 15-17). In addition, they published a notice of the sale in Decatur, Alabama's local newspaper and on the Internet. (*Id.*). The foregoing report and notice supposedly included inaccurate information regarding Russell's default, resulting in damage to Russell's credit and reputation. (*Id.* ¶ 16-17).

Russell currently resides at the property in question. (*Id.* ¶ 8). She avers "the foreclosure sale was cancelled after [she] filed this lawsuit." (*Id.* ¶ 23).

Russell's original Complaint contained fourteen counts—negligence; wantonness; unjust enrichment; wrongful foreclosure; slander of title; breach of

3

contract; fraud; defamation, libel, and slander; violation of the Truth in Lending Act (hereinafter "TILA"); violation of the Real Estate Settlement Procedures Act (hereinafter "RESPA"); violation of the Fair Credit Reporting Act (hereinafter "FCRA"); violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"); and a claim for declaratory relief.  In the Amended Complaint, Russell removed the counts for negligence, wantonness, wrongful foreclosure, slander of title, fraud, and false light.  Despite removing these counts, the Amended Complaint's Statement of Facts retains allegations of negligence, wantonness, abuse of process, and slander of title.  (*Id.* ¶ 26, 29).

In addition, Russell split the unjust enrichment; breach of contract; and defamation, libel, and slander claims into six separate counts—three against Deutsche Bank and three against SPS.  Moreover, Russell brought the counts alleging federal violations of TILA, RESPA, FCRA, and FDCPA against SPS only.[1]  Russell brought her final claim for declaratory relief against both defendants.

Notably, the Statement of Facts lodges additional allegations regarding Defendants' failure to follow HUD loss mitigation procedures (*id.* ¶ 5, 20, 26); failure to follow 15 U.S.C. § 1641(g)(1)(B)'s procedures for notice of a new creditor (*id.* ¶ 11); refusal "to engage in a legitimate and good faith mortgage foreclosure avoidance

---

[1] That said, in the Statement of facts, Russell purports to bring a RESPA claim against Deutsche Bank. (*Id.* ¶ 9 ("The Plaintiff is asserting a claim for relief against Deutsche Bank and SPS for breach of the specific Rules under Regulation X as set forth below.")).

workout" (*id.* ¶ 12); failure to conduct required pre-foreclosure counseling (*id.* ¶ 26); and "negligence, wantonness, abuse of process and slander of title" (*id.* ¶ 26, 29).  These allegations do not appear to support or correspond to any of the individual counts brought against Defendants.

Unlike the original Complaint, the Amended Complaint does not adopt any antecedent allegations by reference.  Rather, each count in the Amended Complaint contains a greater number of factual details and allegations, and the counts do not reference content contained in the Statement of Facts.

The pleading spans thirty-three pages.  Moreover, Russell attached several external documents to the Amended Complaint: the Mortgage Agreement between Russell and Chase Bank (Exhibit A), the accompanying note (Exhibit B), a modification agreement between Russell and SPS (Exhibit C), a notice of foreclosure (Exhibit D), and qualified written requests sent by Russell's counsel to SPS on March 29, 2023, and June 19, 2023 (Exhibits E and F).

Defendants move this court to dismiss Russell's Amended Complaint in its entirety or, in the alternative, order Russell to file a Second Amended Complaint.  As an initial matter, Defendants note "many of the allegations in the Amended Complaint are a copy and paste job from the amended complaint [condemned] in [*Jackson v. Bank of Am., N.A.*, 898 F.3d 1348 (11th Cir. 2018)]." (Doc. 21 at 10).  In addition, Defendants argue Russell's Amended Complaint contains several vague and conclusory allegations lacking a clear connection to any of the counts, purportedly a hallmark of shotgun

pleadings.  (*Id.* at 14).  Finally, Defendants claim the Amended Complaint "refers generally to 'Defendants'" at least 18 times and contains lengthy paragraphs failing to encompass a single set of circumstances.  (*Id.* at 15-16).

In response, Russell argues "well-pled facts … support each element of each cause of action."  (Doc. 25 at 14).  Russell attests he "attempted to remove any aspect of a shotgun pleading" by "tying [material facts] to particular causes of action," providing specific dates relating to the conduct alleged, designating separate claims against each defendant, and removing language adopting all previous allegations in each count.  (*Id.* at 18-20).  Moreover, Russell notes the Federal Rules allow a plaintiff to plead claims alternatively or inconsistently.[2]  Finally, Russell argues "facts not specifically related to any particular claim are included for the overall history and context of the case."  (*Id.* at 18).

## ANALYSIS

As aforementioned in this court's previous order on Defendants' Motion for More Definite Statement, Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a "pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The moving party bears the high burden of proving the complaint "preclude[s] the preparation of a responsive pleading."  *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, No.

---

[2] Defendants did not raise this issue in their motion, nor do they contest it in their Reply.

2:18-CV-1290-KOB, 2020 WL 2198955, at *3 (N.D. Ala. May 6, 2020); *see also* 5C

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1378 (3d ed.

April 2022 Update).  In light of Federal Rule of Civil Procedure 8's "liberal pleading

standard[s]" (*Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245,

1261 (11th Cir. 2015)) and "the plethora of available pretrial discovery procedures"

(*Blumenthal v. Smith*, No. 6:17-cv-975-Orl-40TBS, 2018 WL 3067910, at *4 (M.D. Fla.

Feb. 26, 2018)), courts rarely grant such motions.  *See Fathom Exploration, LLC v. The*

*Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005)

("Motions for more definite statement are viewed with disfavor and are rarely

granted."); 5C Wright & Miller, supra, § 1376.

The Rule 12(e) standard "strike[s] at unintelligibility rather than [a complaint's]

lack of detail." 2 Moore's Federal Practice § 12.36[1] (2022).  Thus, the court must deny

a Rule 12(e) motion "if the complaint attacked thereby, considered as a whole, fairly

gives notice of the claim or claims asserted therein so as to permit the filing of a

responsive answer." *Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala.

2000); 5C Wright & Miller, supra, § 1376.

The Eleventh Circuit identifies four categories of impermissible "shotgun"

pleadings susceptible to Rule 12(e): (1) complaints "containing multiple counts where

each count adopts the allegations of all preceding counts, causing each successive count

to carry all that came before and the last count to be a combination of the entire

complaint," (2) complaints "replete with conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action," (3) complaints that fail to "separat[e] into a different count each cause of action or claim for relief," and (4) complaints that "assert[ ] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted).

"If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. Pro. 12(e). Accordingly, a district court retains the authority to dismiss a second shotgun pleading with prejudice if the court afforded the pleading party one opportunity to correct identified deficiencies in the first pleading. *Jackson*, 898 F.3d at 1357-58 ("We have explained that in a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court 'should strike the [pleading] and instruct counsel to replead the case[']…. Implicit in such a repleading order is the 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n. 113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008))). In *Jackson*, for instance, the court dismissed the plaintiffs' first complaint on shotgun pleading grounds and put the plaintiffs on notice of specific

defects. *Id.* at 1358.  In response, plaintiffs "attempt[ed] halfheartedly to cure only one of the pleading's many ailments by naming which counts pertained to each Defendant." *Id.* at 1359.  According to the Eleventh Circuit, the district court should have dismissed the case with prejudice at that time "because … the amended complaint was [still] incomprehensible." *Id.*

Accordingly, the Eleventh Circuit urges district courts to proactively exercise their discretionary power to narrow the issues presented in an unwieldy pleading.  *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) ("[I]t is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation."); *Anderson v. District Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

For the reasons stated herein, the court considers dismissing the present case with prejudice unwarranted at this stage in the litigation.  However, because the Amended Complaint still contains unmistakable characteristics of a shotgun pleading, the court will order Russell to file a Second Amended Complaint.

As an initial matter, the court addresses Defendants' heavy reliance on *Jackson.* As mentioned previously, Defendants contend "many of the allegations in the Amended Complaint are a copy and paste job from the amended complaint in *Jackson*,"

and they include a lengthy table noting similarities in the language of both pleadings. (Doc. 21 at 10-14).  However, these comparisons do not present conclusive evidence of a shotgun pleading.

In *Jackson*, the Eleventh Circuit stuck the plaintiff's amended complaint because it "incorporated all of the factual allegations into each count without delineating which allegations pertained to each count."  *Jackson*, 898 F.3d at 1354; *see id.* at 1356 ("The amended complaint is an incomprehensible shotgun pleading. It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief.").  As explained more fully below, Russell's Amended Complaint no longer commits the "mortal sin" of adopting antecedent allegations by reference.  *Weiland*, 792 F.3d at 1322.  Moreover, the *Jackson* decision did not explicitly delineate the presence of "conclusory, vague, and immaterial facts" as a shotgun pleading category applicable to its factual context.  *Id.* Thus, because the court's primary rationale for striking the pleading in *Jackson* does not align with the present circumstances, the court must analyze Russell's Amended Complaint on its own footing.  Accordingly, the undersigned will address each of the four characteristic forms of shotgun pleading in turn.

I.      **The Numbered Counts in the Amended Complaint Do Not Adopt All Previous Allegations by Reference.**

"The most common type [of shotgun pleading] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321.  This court deemed Russell's original Complaint a shotgun pleading because "each count incorporate[d] all preceding paragraphs, … making a responsive pleading exceedingly difficult."  (Doc. 14 at 10-11).  Accordingly, the court instructed Russell to detail separate factual bases for each claim in her Amended Complaint.  (*Id.* at 11).

The undersigned commends Russell for removing the original Complaint's language "adopt[ing] and re-alleg[ing] all prior paragraphs as if set out here in full" and including more specific factual allegations under each count.  (*See, e.g.,* doc. 1-1 at 9 ¶ 34).  The Amended Complaint no longer rises to the level of a shotgun pleading in this regard.  *See Burke v. Custom Marine Grp.,* 847 F. App'x 578, 581 (11th Cir. 2021) ("This Court does not categorize complaints as shotgun pleadings where '[t]he allegations of each count are not rolled into every successive count on down the line.'" (citing *Weiland*, 792 F.3d at 1324)).

Because the Amended Complaint no longer adopts or re-alleges antecedent allegations, Defendants now condemn its length and "needless repetition."  (Doc. 21 at 16; see also *id.* at 3 "Rather than being a 'short and plain statement,' the Amended

Complaint swelled to 32 pages and 124 paragraphs…. [M]ore paragraphs are dedicated to less claims, which in essence makes the Amended Complaint that much more verbose."). While Rule 8(a) indeed prescribes a "short and plain statement," the Rule 12(e) standard primarily "strike[s] at unintelligibility." 2 Moore's Federal Practice § 12.36[1] (2022). Thus, a lengthy complaint alone does not automatically warrant dismissal on 12(e) grounds. *Cf. Allen v. Life Ins. Co. of North America*, 267 F.R.D. 407 (N.D. Ga. 2009) ("While plaintiff's complaint is lengthy and overly detailed, its averments are sufficiently straightforward to satisfy the pleading requirements of Rules 8 and 10 [and survive a 12(b)(6) motion to dismiss].").  That said, clarity and concision of course promote intelligibility.

In this vein, the Amended Complaint appears to contain redundant facts averred throughout the Statement of Facts and the counts. In amending her pleading, Russell should endeavor to omit such facts as too much redundancy mars clarity as to the relevance of such averments. *See Reese v. Carnival Corp.*, No. 20-20475-Civ-Scola, 2020 WL 584099, *2 (S.D. Fla. Feb. 6, 2020) ("[Pleading party] is admonished not to include redundant claims or counts in her amended pleading.").

## II.   The Amended Complaint Contains Several Allegations with No Obvious Connection to Any of the Underlying Claims for Relief.

"The next most common type [of shotgun pleading] … is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously

connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-22.  Defendants argue Russell's Amended Complaint fails to satisfy the mandates of Rule 8 in this regard. (Doc. 14 at 19).

The undersigned agrees vis-à-vis the inclusion of alleged, immaterial facts. Russell's Statement of Facts lodges several stand-alone allegations regarding Defendants' failure to follow HUD loss mitigation procedures; failure to adhere to 15 U.S.C. § 1641(g)(1)(B)'s procedures for notice of a new creditor; refusal to engage in a mortgage foreclosure avoidance workout; failure to conduct required pre-foreclosure counseling; and negligence, wantonness, abuse of process and slander of title.  Russell does not connect these allegations to any of the underlying causes of action, which renders drafting of a responsive pleading difficult.  *See Weiland*, 792 F.3d at 1322 n.12 (collecting cases); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) ("[Defendant] and the district court had to sift through the facts presented and decide for themselves which were material to the particular cause of action asserted, a difficult and laborious task indeed."), *abrogated on other grounds by Bridge*, 553 U.S. at 639.

For example, Russell's Statement of Facts alleges the mortgage agreement at issue "incorporate[d] HUD rules and federal regulations regarding loss mitigation which must be followed prior to the lender initiation of foreclosure." (Doc. 19 ¶ 5).  Later in the pleading, Russell contends Defendants threatened foreclosure "without allowing her to pursue contractually and federally required loss mitigation opportunities." (*Id.* ¶ 20).  Finally, Russell avers Defendants "improperly … handled … the loss mitigation

process (including loan modification)." (*Id.* ¶ 26).  Although these facts appear to raise a distinct claim against Defendants, none of the counts in the Amended Complaint reference or contemplate loss mitigation.[3]

Russell's statements regarding Defendants' refusal to engage in a mortgage foreclosure avoidance workout or conduct pre-foreclosure counseling prompt a similar analysis.  (*Id.* ¶ 12, 26).  Even assuming the veracity of such facts, the undersigned finds no obvious relation between these allegations and Russell's underlying claims for relief.

Moreover, Russell claims "Federal law[ ]1641(g)(1)(B) requires a new creditor to provide the date of transfer, which has not occurred." (*Id.* ¶ 11).  Though 15 U.S.C. § 1641(g)(1)(B) constitutes a portion of the Truth in Lending Act (TILA), Count VII of the Amended Complaint (alleging violations of TILA) does not mention this provision by name or allude to its substantive requirements.  Thus, its inclusion in the Statement of Facts remains unanchored and unclear.

Russell's original Complaint brought negligence, wantonness, wrongful foreclosure, slander of title, fraud, and false light claims—all omitted in the Amended Complaint.  However, the Amended Complaint's Statement of Facts retains references

---

[3] RESPA and Regulation X appear to regulate loss mitigation procedures.  *See* 12 C.F.R. §§ 1024.39, 1024.41.  Indeed, the QWRs attached in Exhibit E cite these provisions in reference to SPS's alleged "violation of the loss mitigation procedures" and "failure to provide … accurate and complete information as to the loss mitigation options available." (Doc. 19 at 66).  However, Count VIII of the Amended Complaint (alleging violations of RESPA and Regulation X) appears only to allege Defendants violated RESPA by declining to supply timely responses to Russell's QWRs.  That is, the RESPA count does not separately allege Defendants' nonadherence to federally required loss mitigation procedures.

to negligence, wantonness, abuse of process, and slander of title.  (*See id.* ¶ 26 ("The Plaintiff alleges that the action of Defendants by improperly attempting foreclosing on their property is a violation of law, wrongful, and that its actions constitute negligence, wantonness, abuse of process, and slander of title."), ¶ 29 ("Russell alleges that the actions of Defendants by improperly attempting foreclosure on her property is a violation of law, wrongful or tortious and that the Defendants had no authority to foreclose on her home or property, and that their actions constitute negligence, wantonness, abuse of process and slander of title.")).  As aforementioned, these allegations no longer appear in separate causes of action, and Russell offers no concrete facts to support them.  As such, they epitomize the "immaterial facts" condemned by the Eleventh Circuit.[4]

Russell argues "facts not specifically related to any particular claim are included for the overall history and context of the case." (Doc. 25 at 18).  By and large, however, the allegations discussed confuse the issues presented rather than clarify the context.

In sum, the individual counts in Russell's Amended Complaint do not incorporate the above-discussed allegations.  Though the Eleventh Circuit labels this practice a "venial" rather than "mortal" sin (*Weiland*, 792 F.3d at 1322), Defendants

---

[4] Defendants additionally argue Russell's allegations regarding the invalidity of the transfer of the mortgage and note do not relate to any of the counts.  But that allegation may tangentially relate to Counts I and II because a claim for unjust enrichment generally depends upon the absence of an enforceable express contract.  *See, e.g., Kennedy v. Polar–BEK & Baker Wildwood Partnership*, 682 So.2d 443, 447 (Ala. 1996); *Vardaman v. Florence City Bd. of Educ.*, 544 So.2d 962, 965 (Ala. 1989).  Regardless, Russell provides no factual basis for this conclusory allegation, nor does she attach a copy of any allegedly invalid transfers or sales to the Amended Complaint.

nevertheless face the difficult task of determining "which allegations of fact [were] intended to support which claim(s) for relief" (assuming the allegations support or relate to the underlying claims at all). *Anderson*, 77 F.3d at 366. Crucially, Russell does not adequately clarify whether she posits the factual allegations discussed above as individual claims for relief or whether she intends the allegations to support one or more of the already-existing counts.

Given these errors in the Amended Complaint, the court orders Russell to remove all immaterial facts not obviously connected to any particular count from the Second Amended Complaint's Statement of Facts or otherwise state such allegations as individual counts with their own non-conclusory factual bases. The court also orders Russell to excise any averments in the Statement of Facts and counts that are redundant.

## III. Several Claims for Relief in the Amended Complaint Do Not Appear in Independently Asserted Counts with Corresponding Factual Support.

"The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322-23. This strain of error specifically contravenes Federal Rule 10(b), which provides that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances…. If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense."

As discussed above, Russell's Amended Complaint contains eleven enumerated counts. That said, Russell posits numerous self-standing allegations in the Statement of Facts regarding Defendants' liability for other wrongs. (Doc. 19 ¶¶ 5, 11, 12, 20, 26, 29). If intended as individual causes of action, these portions of Russell's pleading violate Rule 10(b) because they do not appear as separate counts. *See Severe*, 2014 WL 988872 at *5 ("Plaintiff's Complaint runs afoul of Rule 10(b) of the Federal Rules of Civil Procedure which requires that each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Instead, Plaintiff's Complaint includes rambling paragraphs, which primarily consist of multiple amorphous causes of action."); *Anderson*, 77 F.3d at 366 ("Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." (footnote omitted)); *Ward v. JP Morgan Chase Bank*, No. 13–61554–CIV, 2013 WL 5676478, at *1 (S.D. Fla. Oct. 18, 2013) ("The 39-page Complaint begins on a promising note, with a cover page listing what appear to be 11 discrete causes of action. By the third page, however, the Complaint devolves into a lengthy, rambling, and largely indecipherable missive. Though the Complaint contains brief bursts of clarity, the majority of the Complaint casts allegations of wrongdoing in all directions." (citations omitted)); *Calvin v. Michelin N. Am., Inc.*, No. 7:13–CV–0824–SLB, 2013 WL 4521975, at *5 (N.D. Ala. Aug. 26,

2013) ("Plaintiff's Amended Complaint certainly would be much clearer as to his precise claims, and the facts supporting such claims, if he sets forth each … actionable [claim] in a separate count together with relevant facts set forth in simple, direct, and concise statements.").

If Russell desires to raise the above-referenced matters as claims for relief, she must include them in separately asserted counts and provide factual bases to support them. *See Thompson v. HSBC Mortgage,* No. 1:13-CV-2829-JEC-LTW, 2013 WL 12075367, *4 (N.D. Ga. Nov. 25, 2013) ("Plaintiff also must identify each of his causes of action based on separate transactions or occurrences in separate counts of the Complaint."). Otherwise, Russell must eliminate them from the pleading to avoid confusion and facilitate a clear responsive pleading.

## IV.   The Amended Complaint Adequately Specifies Which Defendants Bear Responsibility for Which Allegations.

"Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. As discussed in this court's previous order, Russell's original Complaint "allege[d] each count against 'Defendants' or 'the Defendant' without further elaboration." (Doc. 14 at 10-11). Because Russell adopted and re-alleged all previous allegations, Defendants could not easily discern which allegations pertained to them. Therefore, they lacked notice of the claims brought against them.

By contrast, the Amended Complaint splits the unjust enrichment, breach of contract, and defamation claims into six separate counts to clarify which claim relates to which defendant.  In addition, Russell brought the federal claims against SPS only. Because the counts no longer adopt all previous allegations, these revisions satisfy the court's pleading standards.

Defendants note the Amended Complaint "refers generally to 'Defendants'" at least 18 times."  (Doc. 21 at 15; *see* doc. 19 ¶¶ 16, 19(a), 22, 23, 26, 29, 64, 73, 77, 80, 82, 97, 105, 112, 116, 117, 122, 124).  As an initial matter, Russell's use of the term "Defendants" in paragraphs 64, 73, 77, 80, 82, 97, 105, 112, 116, 117, and 122 appears to be erroneous, as the corresponding counts appertain to a single defendant.  Thus, in repleading, the court advises Russell to specify the party referenced, or more simply, present the term in the singular form.

As to paragraphs 16, 19(a), 22, 23, 26, 29, and 124, the context of the pleading suggests Russell invokes an agency relationship.  (See *id.* ¶ 26 ("Deutsche Bank has a servicer contract wherein SPS acts as agent and servicer for Deutsche Bank. As Deutsche Bank's agent, SPS acts on behalf of Deutsche Bank in servicing Russell's loan. Likewise, since SPS act[s] as agent for Deutch[e] Bank, it is responsible for SPS's … actions, omissions, or inactions.")).  Moreover, referring to defendants collectively only violates federal pleading standards when the practice robs the parties of proper notice. *See 1-800-411-I.P. Holdings, LLC v. Georgia Injury Centers, LLC*, 71 F.Supp.3d 1325, 1330 (S.D. Fla. 2014) ("A plaintiff may plead claims against multiple defendants by referring

to them collectively, as collective allegations are construed as pertaining to each defendant individually; the practice only runs afoul of pleading standards where it denies a defendant notice of the specific claims against it." (citing *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997)); *Parris v. 3M Company*, 595 F. Supp. 3d 1288, 1311 (N.D. Ga. 2022) ("A plaintiff may plead claims against multiple defendants by referring to them collectively, for example by referring to a group of defendants as 'defendants'; these collective allegations are construed as applying to each defendant individually." (quoting *Sprint Solutions, Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014))).

## CONCLUSION

In summary, the court grants Defendants' motion in part.  Specifically, the court **STRIKES** Russell's Amended Complaint and **ORDERS** Russell to replead her claims in a Second Amended Complaint on or before **April 15, 2024**.  As detailed in this court's previous order, the Amended Complaint must comply with Federal Rules of Civil Procedure 8(a), 8(d)(1), 10(b), *Twombly*, and *Iqbal*.  Russell **SHALL** continue to plead specific and particularized factual allegations relevant to each specific Defendant that would establish a plausible basis for the causes of action against each such Defendant. In addition, the Second Amended Complaint **SHALL** continue to set forth each claim separately, in a short, plain statement, referencing the statute or cause of action buttressing each separate claim, the factual basis for such claim, and the relief sought under each separate claim.

Given the specific deficiencies identified above, the court additionally instructs Russell to remove immaterial facts not obviously connected to any particular cause of action from the Statement of Facts or otherwise state such allegations as individual counts with their own non-conclusory factual support.  Moreover, the court advises Russell to remove redundant facts scattered throughout the Statement of Facts and counts.  Finally, the court directs Russell to eliminate ambiguous "Defendants" language in paragraphs 64, 73, 77, 80, 82, 97, 105, 112, 116, 117, and 122 and instead state the specific party referenced, or simply present the term in the singular.

**DONE** and **ORDERED** this 1st day of April, 2024.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE